Filed 1/22/14  P. v. Reyes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES MITCHELL REYES,<br><br>    Defendant and Appellant. | 2d Crim. No. B250033<br>(Super. Ct. No. 2013001815)<br>(Ventura County) |

James Mitchell Reyes appeals the judgment entered after he pled guilty to unlawfully driving or taking a vehicle with a prior vehicle theft conviction (Veh. Code, § 10851, subd. (a); Pen. Code,[1] § 666.5), driving while intoxicated or with a blood alcohol level of 0.08 or more (Veh. Code, § 23152, subds. (a), (b)), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)).  Appellant also admitted allegations that he had suffered a prior conviction for robbery (§ 211), which qualifies as a strike (§§ 667, 1170.12), and had served five prior prison terms (§ 667.5, subd. (b)).  The trial

---

[1] All further undesignated statutory references are to the Penal Code.

court denied appellant's *Romero*[2] motion, struck the prior prison term allegations, and sentenced him to four years in state prison.

Because appellant pled guilty prior to trial, the relevant facts are derived from the preliminary hearing transcript. Someone stole a car from a gas station while its owner was paying for gas. Later that day, appellant was pulled over while driving the car erratically. Appellant was arrested after a preliminary alcohol-screening sample revealed he had a 0.24 blood alcohol level.

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues. On December 9, appellant was advised that he had 30 days to personally submit any contentions he wished us to consider. In a timely response, appellant contends the court erred in denying his *Romero* motion and his request to be placed in an alcohol treatment program.

A trial court has the discretion to strike a prior conviction for purposes of sentencing if the defendant falls outside the spirit of the three strikes law. (§ 1385; *Romero, supra*, 13 Cal.4th at pp. 529-530.) In deciding whether to exercise its discretion, the court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The refusal to strike a prior conviction is likely to be considered an abuse of discretion only in extraordinary cases where the trial court was unaware of its discretion, or considered impermissible factors. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) In the absence of such a showing, we presume the court acted to achieve the legitimate sentencing objectives and will not set aside its discretionary determination to impose a particular sentence. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)

---

[2] (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

The court did not abuse its discretion in denying appellant's motion to strike his 2000 robbery conviction under *Romero*.  In denying the motion, the court reasoned "this was an auto theft when somebody was highly intoxicated.  But for luck we could be here dealing with an entirely different and much more tragic situation.  And lucky that didn't happen.  But it's still very serious felony conduct from somebody who's had many opportunities to correct the behavior before now."  The court also noted it was exercising its discretion to dismiss all five of appellant's prison priors and sentence him to the low term.  In light of appellant's lengthy criminal history and the seriousness of the current offenses, the court did not abuse its discretion in concluding that neither the nature of the offender nor the nature of the offenses indicated appellant fell outside the spirit of the three strikes law.  For the same reason, the court did not abuse its discretion in denying appellant's request that he be allowed to participate in a treatment program in lieu of a prison sentence.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

3

Matthew Guasco, Judge

Superior Court County of Ventura

_____


California Appellate Project, Jonathan B Steiner, Richard B. Lennon, under appointment by the Court of Appeal; James M. Reyes, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.